UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DEBORAH A. DEL ROSSI,

    Plaintiff,

v.                                      ACTION NO. 2:10cv263

SOCIAL SECURITY,
DISABILITY ADMINISTRATION,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Title II and Title XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed August 6, 2010. The undersigned recommends that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) be GRANTED.

### I. Procedural Background

Plaintiff Deborah A. Del Rossi filed applications for a period of disability and DIB (R.

132-36),[1] and for SSI (R. 129-31), alleging that she had been disabled since October 25, 2001, due to heart problem, auto immune disease, arthritis joints, herniated disc, and depression. (R. 142.) The Commissioner denied Plaintiff's application initially (R. 48-49), and upon reconsideration. (R. 50-51.) Plaintiff received an administrative hearing on October 29, 2007 (R. 27-47), and the Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claim on December 20, 2007. (R. 9-26). On April 2, 2010, the Appeals Council denied Plaintiff's request for review (R. 1-5), which rendered the ALJ's decision the final decision of the Commissioner.

Plaintiff filed the instant action for judicial review pursuant to 42 U.S.C. § 405(g) on June 4, 2010, and Defendant filed an answer on August 5, 2010, and the action was referred to the undersigned by order of reference filed August 6, 2010. On September 7, 2010, the undersigned entered an Order directing Plaintiff to file a motion for summary judgment with memorandum supporting her contentions and containing a statement of undisputed facts as described in Rule 56(B) of the Local Rules of the Eastern District of Virginia by October 7, 2010. On October 14, 2010, Defendant filed a Motion to Dismiss (ECF No. 10) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. At the same time, Defendant sent Plaintiff a Notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the steps which must be taken to avoid dismissal of the case. In response to the Motion to Dismiss, Plaintiff filed a letter (ECF No. 13) asking for "at least an additional ninety days" to file her Motion for Summary Judgment. The letter states Plaintiff was in talks with an attorney regarding representation, and had "an additional health 'episode' that required prompt attention." On

---

[1] Page citations are to the administrative record (ECF No. 7).

November 19, 2010, the undersigned entered an Order granting Plaintiff's request for an extension, and ordering Plaintiff to file her motion for summary judgment by January 5, 2011.

Plaintiff has failed to file a motion for summary judgment, and the Court has received no further documents from Plaintiff.

## II. Analysis

Plaintiff was initially ordered to file a Motion for Summary Judgment by October 7, 2010, by Order entered September 7, 2010. Plaintiff was granted an extension of time in which to file her Motion for Summary Judgment to January 5, 2011. Despite this extension, Plaintiff has failed to file a Motion for Summary Judgment. Plaintiff has failed to prosecute this case and comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## III. Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Complaint (ECF No. 10) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

## IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia
January 26, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Deborah A. Del Rossi
25543 Pennsylvania Ave.
Onley, VA 23418

Mark A. Exley, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

January 26, 2011

5